Aidan W. Butler (SBN 208399)
Attorney at Law
5455 Wilshire Boulevard, Suite 1809
Los Angeles, California 90036
Telephone:  (323) 272-4472
Telecopier: (323) 272-4370
tocontactaidan@gmail.com

Attorneys for Plaintiff SHIGEKO A. WATANABE

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

SHIGEKO A. WATANABE, an individual,

        Plaintiff,

    vs.

LVNV FUNDING, LLC, a Delaware limited liability company; MANDARICH LAW GROUP, LLP, a California limited liability partnership; and DOES 1 through 10, inclusive,

        Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**CASE NO.:**

**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF**

    **1) THE FAIR CREDIT REPORTING;**

    **2) THE CONSUMER CREDIT REPORTING AGENCIES ACT;**

    **3) THE FAIR DEBT COLLECTION PRACTICES ACT; AND**

    **4) THE ROSENTHAL ACT.**

**DEMAND FOR JURY TRIAL**

**I. JURISDICTION AND VENUE.**

1. Jurisdiction of this Court arises under 15 U.S.C. §1681p.  Venue in this District is proper in that Plaintiff's claim arose in this District.

**II. THE PARTIES.**

2. The plaintiff, SHIGEKO A. WATANABE (hereinafter "Plaintiff"), is a natural person who, at all times relevant herein, was a resident of Los Angeles

County, California, and a senior citizen.

3. Defendant LVNV FUNDING, LLC (hereinafter "LVNV") is and at all times relevant herein was a Delaware limited liability company.

4. Defendant MANDARICH LAW GROUP, LLP (hereinafter "MLG") is and at all times relevant herein was a California limited liability partnership.

5. The true names and capacities, whether individual, corporate, associate or otherwise, of the defendants sued herein as DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues such defendants by such fictitious names. Plaintiff will amend this complaint to show the true names and capacities  of such defendants when they have been ascertained.  Plaintiff is informed and believes that each of the defendants designated herein as a DOE was in some manner responsible for the occurrences and injuries alleged herein.

6. At all times mentioned herein, each of the defendants was the agent and employee of the other named defendants, and in doing the things alleged were acting within the course and scope of such agency and employment, and in doing the acts herein alleged were acting with the consent, permission and authorization of the remaining defendants.  All actions of each of the defendants were ratified and approved by the other named defendants.

## III. FACTUAL ALLEGATIONS.

7. In 2019, Plaintiff visited an HSBC bank branch in Torrance, California, to open a personal checking account.   The bank employee assisting her invited her to also apply for a credit card.    Being a housewife with no independent source of income, Plaintiff declined.

8. Nevertheless, Plaintiff received a credit card issued by the bank through the mail.   Plaintiff returned to the bank, explained that she had declined the offer to open the card, and requested that the card be canceled.

9. Again, however, the bank ignored her request.  Although Plaintiff herself

never used the card, or authorized anyone else to use it, on or around September 18, 2022, Plaintiff received a card statement showing that unauthorized charges totaling over $18,000.00 were made on the card at an Apple computer store in Glendale. Plaintiff had never visited the store, and had not received any of the goods or services purchased.

10. Plaintiff immediately contacted the card issuer to report the unauthorized charges. Plaintiff also filed a police report, and submitted that to the card issuer. Nevertheless, the card issuer continued to bill Plaintiff for the charges, which Plaintiff refused to pay.

11. Upon information and belief, at some point the card issuer sold the debt to LVNV. Upon information and belief, the purchase and sale agreement between the credit card issuing bank and LVNV included a disclaimer of any warranties or representations regarding the accuracy or validity of the underlying debts solid in the agreement.

12. LVNV then filed a lawsuit against Plaintiff in the Los Angeles Superior Court on February 10, 2025, case number 25NWLC05982, seeking to collect a debt consisting of the unauthorized purchase at the Apple store and late fees and interest thereon.

13. After being served the lawsuit, Plaintiff contacted MLG and again explained the situation, providing copies of the police report. Nevertheless, rather than dismissing the case, LVNV requested entry of Plaintiff's default, and obtained a default judgment against her.

14. LVNV also blemished Plaintiff's credit reports with the three major reporting agencies. Although Plaintiff disputed the derogatory credit reporting, each time, LVNV verified the negative credit reporting.

15. Plaintiff hired a paralegal to assist her with preparing a motion to vacate the judgment and set aside the default. The motion, including a supporting declaration and exhibits, were transmitted to MLG. That evidence demonstrated –

COMPLAINT

as Plaintiff had repeatedly stated to the credit card issuer, then LVNV and its counsel – that she had never used the card, or authorized anyone else to use it.

16. Finding self-representation challenging, Plaintiff then hired an attorney to assist her with the motion.  Only after the motion was granted did MLG consent to dismiss the case.

17. However, LVNV refused to delete the blemish from Plaintiff's credit reports.   Plaintiff then submitted new disputes with the credit reporting agencies. Upon information and belief, after receiving Plaintiff's disputes, the reporting agencies contacted LVNV through an ACDV (automated consumer dispute verification form) to which Plaintiff's supporting documents were attached. Included among those documents was MLG's conformed request for dismissal of the lawsuit.   Nevertheles, LVNV again verified the derogatory credit reporting.

18. As a result of the misconduct of the defendants, and each of them, Plaintiff suffered severe mental and emotional distress, including but not limited to anxiety, stress, sleeplessness, nightmares, agitation, depression, and hopelessness.

19. As additional results of the defendants' conduct, as alleged above, Plaintiff has suffered damages including the following, among other things:

a) Decreased credit ratings and creditworthiness;

b) Actual monetary damages relating to closed credit lines and/or reduced credit limits, and missed credit opportunities; and

c) Out of pocket losses incurred as a result of Plaintiff's inability to use her credit where it was needed, as well as out of pocket expenses incurred in dealing with her emotional distress.

## FIRST CLAIM FOR RELIEF

(For Violations of the Fair Credit Reporting Act Against LVNV
and DOES 1 through 5, inclusive)

20. Plaintiff repeats and reincorporates by reference the paragraphs 1 through

COMPLAINT

19 above.

21. Plaintiff is a "consumer," as defined by the Fair Credit Reporting Act ("FCRA") section 603, codified at 15 U.S.C. §1681a(c).

22. LVNV is a "person," as defined by the FCRA section 603, codified at 15 U.S.C. §1681a(b); and Experian, TransUnion, and Equifax are consumer reporting agencies, as defined the FCRA section 603, codified at 15 U.S.C. §1681a(f).

23. LVNV and Does 1 through 5, inclusive, violated the FCRA by furnishing inaccurate and misleading information to the consumer reporting agencies – namely, that Plaintiff had incurred credit card charges and refused to pay them.  This information was inaccurate in that it conveyed delinquency and an on-going debt for charges Plaintiff had not made.   Further, the information was misleading in that it implied Plaintiff was unable – or too inattentive to – make credit card payments she was not responsible for.   The inaccurately reported derogatory information suggested that Plaintiff was not creditworthy, and did not honor her financial obligations.

24. Plaintiff properly disputed – and requested verification of – the alleged debt by written communication with major consumer reporting agencies.

25. LVNV failed to conduct a proper investigation of the Plaintiff's dispute, failed to review information available to it, and failed to review all of the information purportedly  provided to it by the credit reporting agencies, in violation of 15 U.S.C. §§1681s-2(b)(A) and 1681s-2(b)(B).

26. Despite knowing – or having reasonable cause to know – that Plaintiff's claims were truthful, and that the alleged debt was invalid, LVNV verified the debt repeatedly, including to consumer reporting agencies, in violation of 15 U.S.C. §1681s-2(a).

27.  Plaintiff has suffered actual damages as a direct result of LVNV's misconduct, including – but not limited to – mental anguish and suffering, inconvenience, humiliation, frustration, anger, loss of sleep, and anxiety.   Further,

COMPLAINT

Plaintiff has been denied credit opportunities as a direct and proximate result of LVNV's erroneous derogatory credit reporting.

28. Under 15 U.S.C. §1681o, LVNV is liable to Plaintiff for attorney's fees, costs, and actual damages.  Further, since LVNV's violations were willful, LVNV is liable for statutory damages and punitive damages under 15 U.S.C. §1681n(a).

## SECOND CLAIM FOR RELIEF

(For Violations of the Consumer Credit Reporting Agencies Act Against LVNV and DOES 1 through 5, inclusive)

29. Plaintiff repeats and reincorporates by reference the paragraphs 1 through 28 above.

30. LVNV and DOES 1 through 3 violated the Consumer Credit Reporting Agencies Act ("CCRAA")  – in particular, Civil Code section 1785.25, inter alia – which states at subparagraph (A), "A person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate."

31. LVNV and DOES 1 through 3 knew or should have known based upon Plaintiff's disputes and/or the information and/or documents provided to them by the reporting agencies – and by their own investigation – that the negative information they were furnishing about Plaintiff was incomplete and/or inaccurate.

32. Plaintiff properly disputed – and requested reinvestigation of – the alleged debt by written communication with major consumer reporting agencies – including Experian.

33.  LVNV and DOES 1 through 3, and each of them, failed to conduct a proper investigation of Plaintiff's dispute, and failed to review all of the information provided to them both by Plaintiff and by the credit reporting agencies.

34. Despite knowing – or having reasonable cause to know – that Plaintiff's claims were truthful, and that the alleged debt was invalid, LVNV and DOES 1

COMPLAINT

through 3 repeatedly and willfully verified the alleged debts, including in 2025 and 2026.

35. Plaintiff has suffered actual damages as a direct result of the Defendants' willful misconduct, including – but not limited to – being denied credit solely because of Defendants' erroneous information, and mental distress including anguish and suffering, inconvenience, humiliation, frustration, anger, loss of sleep, hopelessness and despair, harm to his personal relationships, indignity, stress, and anxiety.

36. Under Civil Code section 1783.31, the Defendants are liable to Plaintiff for attorney's fees, costs, punitive damages, and actual damages.

**THIRD CAUSE OF ACTION**

(For Violations of the Fair Debt Collection Practices Act Against MLG and DOES 6 through 10, Inclusive)

37. Plaintiff repeats and reincorporates by reference the paragraphs 1 through 36 above.

40. MLG, and DOES 5 through 10, and each of them, violated the FDCPA. Defendants' violations include, but are not limited to, the following:

a) Using false representations and deceptive means to collect or attempt to collect a debt, in violation of 15 U.S.C. §1692e(10);

b) Using unfair and/or unconscionable means to collect an alleged debt, in violation of 15 U.S.C. §1692f;

c) Attempting to collect an amount (including any interest, fee, charge, or expense incidental to the principal obligation) not expressly authorized by the agreement creating the purported debt or permitted by law, in violation of 15 U.S.C. §1692f(1).

41. As a direct and proximate result of the above violations of the FDCPA, Plaintiff has suffered actual damages, including but not limited to feelings of

7                    COMPLAINT

anguish, frustration, humiliation, anxiety, and stress, among other things. For that reason, Defendants, and each of them, are liable to Plaintiff for declaratory judgment that defendants' conduct violated the FDCPA, and Plaintiff's actual damages, statutory damages, costs and attorney's fees. Further, pursuant to California Code of Civil Procedure section 3345, Plaintiff – a senior citizen – is entitled to treble damages.

## FOURTH CAUSE OF ACTION

(For Violations of the Rosenthal Act Against MLG and DOES 5 through 10, Inclusive)

42. Plaintiff repeats and reincorporates by reference the paragraphs 1 through 41 above.

43. MLG and DOES 5 through 10, and each of them, knowingly and wilfully violated California's Rosenthal Fair Debt Collection Practices Act (hereinafter the "Rosenthal Act"). Defendants' violations include, but are not limited to, the following acts performed in attempting to collect a consumer debt:

a) Using false representations and deceptive means to collect or attempt to collect a debt, in violation of 15 U.S.C. §1692e(10) and California Civil Code section 1788.17;

b) Using unfair and/or unconscionable means to collect an alleged debt, in violation of 15 U.S.C. §1692f and California Civil Code section 1788.17; and

c) Attempting to collect an amount (including any interest, fee, charge, or expense incidental to the principal obligation) not expressly authorized by the agreement creating the purported debt or permitted by law, in violation of 15 U.S.C. §1992f(1) and California Civil Code section 1788.17.

44. As a result of defendants' violations of the Rosenthal Act, pursuant to Civil Code section 1788.30, Plaintiff is entitled to actual damages, statutory damages, attorney's fees and costs. Further, pursuant to California Code of Civil

COMPLAINT

Procedure section 3345, Plaintiff – a senior citizen – is entitled to treble damages.

WHEREFORE, Plaintiff requests that judgment be entered in her favor and against the defendants as follows:

1. Punitive and/or exemplary damages, both under common law and 15 U.S.C. section 1681n(a);

2. For actual damages, punitive damages, attorney's fees and costs pursuant to Civil Code section 1785.31.

3. Statutory damages, pursuant to 15 U.S.C. section 1692k(a)(2) and/or Civil Code section 1788.30(b);

4. Actual damages, pursuant to  15 U.S.C. §1681o, 15 U.S.C. section 1692k(a)(1) and/or Civil Code section 1788.30(a);

5. Costs and reasonable attorney's fees, pursuant to 15 U.S.C. §1681o, 15 U.S.C. section 1692k(a)(3), and/or Civil Code section 1788.30(c);

6. Treble damages pursuant to California Code of Civil Procedure section 3345;

7. For such other and further relief as the Court deems just and proper.

PLEASE TAKE NOTICE that plaintiff SHIGEKO A. WATANABE requests a trial by jury.

DATED: January 21, 2026                    Respectfully submitted,

By: _____
    Aidan W. Butler
    Attorney for Plaintiff
    SHIGEKO A. WATANABE

COMPLAINT